# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISMAEL HUIZAR MADERA,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:15-cv-00542-SAB<br><br>ORDER GRANTING PLAINTIFF'S SOCIAL SECURITY APPEAL AND REMANDING FOR FURTHER DEVELOPMENT OF THE RECORD<br><br>(ECF Nos. 20, 23, 24) |

## I.

## INTRODUCTION

Plaintiff Ismael Huizar Madera ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for disability benefits and supplemental security income pursuant to the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Stanley A. Boone.[1]

Plaintiff suffers from mechanical back pain, congenital fusion at T11-12, and symptom magnification. For the reasons set forth below, Plaintiff's Social Security appeal shall be granted and remanded for further development of the record.

/ / /

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge. (See ECF Nos. 8, 10.)

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

After receiving an unfavorable decision on his prior claim for disability benefits on September 30, 2008 (AR 94-100), Plaintiff protectively filed a Title XVI application for supplemental security income on July 27, 2009, and a Title II application for a period of disability and disability insurance benefits on August 12, 2009 (AR 358-362). (AR 354-57, 362-70.) Plaintiff's applications were initially denied on January 25, 2010, and denied upon reconsideration on August 10, 2010. (AR 179-83, 191-96.) Plaintiff requested and received a hearing before Administrative Law Judge Sharon L. Madsen ("the ALJ"). Plaintiff appeared for a hearing on August 30, 2011. (AR 55-76.) On September 16, 2011, the ALJ found that Plaintiff was not disabled. (AR 154-66.) The Appeals Council granted Plaintiff's request for review, vacated the hearing decision, and remanded the case to the ALJ. (AR 173-75.) After a hearing before the ALJ on August 15, 2013, the ALJ found that Plaintiff was not disabled. (AR 21-30, 37-54.) The Appeals Council denied Plaintiff's request for review on February 13, 2015. (AR 1-5.)

### A. Hearing Testimony

Plaintiff testified at the August 15, 2013 hearing with the assistance of a Spanish interpreter and was represented by counsel. (AR 37-54.) Plaintiff testified that he has a driver's license and drives once in a while. (AR 41.) Plaintiff attended school up to third grade in Mexico; and he speaks very little English, but he is a citizen. (AR 41, 47.)

Plaintiff sometimes needs help with his shoes and pants and showering because he is very slow and has a lot of pain when he does it himself. (AR 41-42.) Plaintiff does not do any household chores. (AR 42.) Plaintiff warms things up in the microwave. (AR 42.) He goes shopping once in a while and goes to church. (AR 42.) He does not do any yard work or gardening. (AR 42.) Plaintiff's children take him out to eat. (AR 42.) Plaintiff does not have any hobbies. (AR 42.) In a typical day, Plaintiff walks for about 30 to 40 minutes, sleeps for about an hour, and then gets up. (AR 42.) Plaintiff watches TV sometimes. (AR 43.)

Plaintiff previously worked for Zacky and Foster Farms cutting meat and picking up

heavy boxes up to 100 pounds. (AR 43.) He rotated jobs there every couple of hours. (AR 43.) Prior to working at Zacky and Foster Farms in the United States, he worked in Mexico in the fields from the time he was fourteen or sixteen until 1985 when he started working in the United States. (AR 47.)

Plaintiff testified that he has back pain all the time and that it is worse. (AR 43-44.) When he bends down a little or pushes something, the nerve gets really painful. (AR 43-44.) When he has pain in his back, he lies down and sometimes uses ice or heat. (AR 44.) Plaintiff takes hydrocodone which helps. (AR 44.) Plaintiff's legs get numb daily for varying lengths of time. (AR 45.) Plaintiff also has strong cramps in his upper legs that occur for 15 to 20 minutes. (AR 46.) Plaintiff can lift and carry about ten pounds. (AR 46.) He can sit for an hour, stand for 40 minutes, and walk a block back and forth at a time. (AR 46.) He is unable to pick up things; and he climbs stairs very slowly with a lot of pain. (AR 46.) Plaintiff uses a cane inside and outside because it helps him keep himself up and balance. (AR 48-49.)

A vocational expert ("VE"), Stephen Schmidt, also testified. (AR 49-53.)

**B.    ALJ Findings**

The ALJ made the following findings of fact and conclusions of law:

- Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2011.

- Plaintiff has not engaged in substantial gainful activity since September 26, 2008, the alleged onset date.

- Plaintiff has the following severe impairments: mechanical back pain, congenital fusion at T11-12, and symptom magnification.

- Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

- Plaintiff has the residual functional capacity (RFC) to lift and/or carry 50 pounds occasionally and 25 pounds frequently; he can sit 6 to 8 hours in an 8-hour

    workday and stand and/or walk 6 to 8 hours in an 8-hour workday. This capacity most closely approximates medium work as defined in 20 CFR 404.1567(c) and 416.967(c).

- Plaintiff is capable of performing past relevant work as a Poultry Eviscerator and Poultry Hanger. This work does not require the performance of work-related activities precluded by Plaintiff's residual functional capacity (20 CFR 404.1565 and 416.965).

- Plaintiff has not been under a disability, as defined in the Social Security Act, from September 26, 2008, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(AR 23-30.)

## III.

## LEGAL STANDARD

To qualify for disability insurance benefits under the Social Security Act, the claimant must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Regulations set out a five step sequential evaluation process to be used in determining if a claimant is disabled. 20 C.F.R. § 404.1520;[2] Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1194 (9th Cir. 2004). The five steps in the sequential evaluation in assessing whether the claimant is disabled are:

> Step one: Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.
>
> Step two: Is the claimant's alleged impairment sufficiently severe to limit his or her ability to work? If so, proceed to step three. If not, the claimant is not disabled.

---

[2] Plaintiff has raised claims under both the Supplemental Security Income and Disability Insurance Benefits regulations. The regulations are virtually identical and are set forth in two separate sections, 20 C.F.R. §§ 416.900-416.999 and 20 C.F.R. §§ 404.1500-404.1599. The Court shall refer to the regulations under 20 C.F.R. 404.1500 et seq. when addressing the relevant regulations in this action.

> Step three: Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R., pt. 404, subpt. P, app. 1? If so, the claimant is disabled. If not, proceed to step four.
>
> Step four: Does the claimant possess the residual functional capacity ("RFC") to perform his or her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant's RFC, when considered with the claimant's age, education, and work experience, allow him or her to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Sec. Admin., 454 F.3d 1050, 1052 (9th Cir. 2006).

Congress has provided that an individual may obtain judicial review of any final decision of the Commissioner of Social Security regarding entitlement to benefits. 42 U.S.C. § 405(g). In reviewing findings of fact in respect to the denial of benefits, this court "reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means more than a scintilla, but less than a preponderance. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996) (internal quotations and citations omitted). "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." Thomas v. Barnhart, 278 F.3d 947, 955 (9th Cir. 2002) (quoting Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir. 1995)).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." Hill, 698 F.3d at 1159 (quoting Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006). However, it is not this Court's function to second guess the ALJ's conclusions and substitute the court's judgment for the ALJ's. See Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

///

///

## IV.

## DISCUSSION AND ANALYSIS

Plaintiff contends that the ALJ erred by not assigning a weight to Dr. John Kirby's opinion, but that even if there is a reasonable inference that the ALJ rejected Dr. Kirby's opinion, the ALJ did not provide the requisite legitimate and specific reasons for rejecting Dr. Kirby's opinion. Defendant responds that Plaintiff did not overcome the presumption of nondisability that arose based on the prior denial of benefits, and that even if he did, the ALJ did not err in rejecting Dr. Kirby's opinion.

### A.   Res Judicata

Plaintiff's prior application for benefits was denied on September 30, 2008 (AR 94-100.) Plaintiff did not appeal this decision so it is final and binding. 20 C.F.R. ¶ 404.905; Chavez v. Bowen, 844 F.2d 691, 692 (1988). The doctrine of res judicata applies in administrative proceedings, although it is less rigidly applied to administrative proceedings. Chavez, 844 F.2d at 693.

The Ninth Circuit has held that a finding that the claimant is not disabled creates a presumption that the claimant continues to be able to work after that date. Lester v. Chater, 81 F.3d 821, 827 (9th Cir. 1995). The prior finding that the claimant was not disabled cannot be re-litigated through date of the prior decision. Giancola v. Colvin, 31 F.Supp.3d 1215, 1220-21 (E.D. Wash. 2014). "[I]n order to overcome the presumption of continuing nondisability arising from the first administrative law judge's findings of nondisability, [a claimant] must prove 'changed circumstances' indicating a greater disability." Chavez, 844 F.2d at 693 (quoting Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir.1985)). This can be done by showing a worsening of symptoms or other changes such as the existence of a new impairment not considered in the previous application or a change in the claimant's age category. Lester, 81 F.3d at 827. The burden of proof is on the claimant to show that he is disabled and on a subsequent application for benefits the claimant has the burden of rebutting the presumption of continuing nondisability. Lyle v. Secretary of Health and Human Services, 700 F.2d 566, 568 (9th Cir. 1983).

The presumption that Plaintiff is not disabled arises in this action. Therefore, in

1  adjudicating a subsequent claim, the ALJ applies the presumption of continuing nondisability
2  and will determine that the claimant is not disabled unless the claimant rebuts the presumption
3  by showing changed circumstances with respect to the unadjudicated period.  Acquiescence
4  Ruling 97-4(9), 1997 WL 742758 (1997).  If the presumption is rebutted, the ALJ must give
5  effect to certain findings made in the prior final decision by the ALJ.  Id.

In the prior decision, the ALJ found that Plaintiff's severe impairments were compression fractures of T11 and T12 vertebrae, mechanical low back pain, left cubital tunnel syndrome, and obesity.  (AR 96.)  The relevant period for the current application for benefits is from September 26, 2008, through the date of the decision, September 6, 2013.  (AR 29.)  In the current decision, the ALJ found that Plaintiff's severe impairments are mechanical back pain, congenital fusion at T11-12, and symptom magnification.  (AR 23.)

In the current decision, the ALJ stated:

> In my current determination of the claimant's severe impairments, I find the medical evidence supports the conclusion that his mechanical low back pain from a congenital fusion of T11-12 with symptom magnification does not indicate greater disability as contemplated under *Chavez*.
>
> In my current determination of the claimant's residual functional capacity, I find the claimant can perform a full range of medium work activity.  Specifically he can lift and/or carry 50 pounds occasionally and 25 pounds frequently; he can sit 6 hours in an 8-hour workday and stand and/or walk 6 hours in an 8-hour workday.  This residual functional capacity does not indicate greater disability than found in the September 25, 2008 Administrative Law Judge decision.  I note that the claimant's symptoms of left cubital tunnel syndrome have resolved and are no longer at issue.  Additionally, there is no indication that the claimant has any pulmonary condition which would warrant any pulmonary restrictions.
>
> . . .
>
> Based on the evidence before me, it cannot be found that the claimant met his burden of rebutting the presumption of continuing nondisability.  Although the claimant submitted new and material evidence regarding his impairments, it does not affect the finding of nondisability or the method for arriving at the finding.  Therefore, I adopt the prior Administrative Law Judge findings on the prior claim in my determination whether the claimant is disabled with respect to the unadjudicated period.

(AR 25.)

Defendant argues that Plaintiff's conditions have improved.  Plaintiff concedes that his cubital syndrome has resolved itself, but the focus of Plaintiff's argument is his back pain.

7

1 Plaintiff argues that he indirectly rebutted the presumption of nondisability by citing to Dr.
2 Kirby's two opinions in 2011 that were not part of the record when the prior decision was made.
3 In determining whether the Plaintiff has an additional impairment, a more severe impairment, or
4 any other changed circumstance, the ALJ must evaluate the record. Although Defendant
5 references the fact that an examining physician's opinion constitutes substantial evidence, the
6 ALJ did not state that she was relying upon Dr. Rios's opinion or that she was discrediting Dr.
7 Kirby's opinion because it conflicted with Dr. Rios's opinion.

     **B.     Dr. Kirby's Opinion**

9     Plaintiff argues that the ALJ erred in rejecting Dr. Kirby's opinion because she did not
10 give legitimate and specific reasons for rejecting Dr. Kirby's opinion. Defendant counters that
11 the ALJ set forth proper reasons for discounting Dr. Kirby's assessment because Dr. Kirby's
12 conservative treatment of prescription pain medication adequately controlled Plaintiff's pain; Dr.
13 Kirby did not offer any explanation for the disabling limitations he assessed and Dr. Kirby's
14 treatment notes raised questions as to the bases for his assessed limitations; and Dr. Kirby's
15 failure to support his opinions undermined their reliability.

16     The weight to be given to medical opinions depends upon whether the opinion is
17 proffered by a treating, examining, or non-examining professional. See Lester, 81 F.3d at 830-
18 31. In general a treating physician's opinion is entitled to greater weight than that of a
19 nontreating physician because "he is employed to cure and has a greater opportunity to know and
20 observe the patient as an individual." Andrews v. Shalala, 53 F.3d 1035, 1040-41 (9th Cir. 1995)
21 (citations omitted). If a treating physician's opinion is contradicted by another doctor, it may be
22 rejected only for "specific and legitimate reasons" supported by substantial evidence in the
23 record. Ryan v. Commissioner of Social Sec., 528 F.3d 1194, 1198 (9th Cir.) (quoting Bayless
24 v. Barnhart, 427 F.3d 1121, 1216 (9th Cir. 2005)).

25     Where the treating physician's opinion is contradicted by the opinion of an examining
26 physician who based the opinion upon independent clinical findings that differ from those of the
27 treating physician, the nontreating source itself may be substantive evidence, and the ALJ is to
28 resolve the conflict. Andrews, 53 F.3d at 1041. However, if the nontreating physician's opinion

1  is based upon clinical findings considered by the treating physician, the ALJ must give specific
2  and legitimate reasons for rejecting the treating physician's opinion that are based on substantial
3  evidence in the record.  Andrews, 53 F.3d at 1041.

4       Defendant argues that Plaintiff does not explain how evidence from Dr. Kirby changed so
5  much after the prior decision that it now supports a finding of disability.  In the prior decision,
6  the ALJ had found that "Dr. Kirby felt Mr. Madera could perform limited full-time light work to
7  include no driving, work requiring climbing ladders or use of powered equipment, and no
8  repetitive bending or lifting (Exhibit 12F, p. 18), although on at least one other occasion he
9  concluded Mr. Madera could not work (Exhibit 12F, p. 6)."  (AR 99.)  On December 7, 2007, Dr.
10 Kirby filled out a one page form that checked a worker's compensation code and stated that
11 Plaintiff's disability status was "unable to work."  (AR 546.)  On August 10, 2007, Dr. Kirby
12 filled out a two page form from the Department of Employment and Temporary Assistance and
13 found that Plaintiff was able to perform limited full-time light work (lifting less than 20 pounds
14 at one time), but no driving, work requiring climbing ladders, use of powered equipment, and no
15 repetitive bending or lifting.  (AR 553.)  Dr. Kirby stated that the expected duration was
16 permanent.  (AR 553-54.)

17      During the current time period, Dr. Kirby completed a medical source statement of
18 Plaintiff's ability to do work-related activities (physical) on February 24, 2011.  (AR 583-89.)
19 Dr. Kirby found that Plaintiff can lift and carry up to 10 pounds occasionally and never lift and
20 carry 21 to 100 pounds.  (AR 584.)  Plaintiff can sit, stand, and walk 1 hour at a time each
21 without interruption.  (AR 585.)  Plaintiff can sit or stand 3 hours total for each in an 8-hour
22 workday and walk 2 hours total in an 8-hour workday.  (AR 585.)  Plaintiff requires the use of a
23 cane to ambulate, but the cane is not medically necessary and without the use of a cane, Plaintiff
24 can walk 200 feet and use his free hand to carry small objects.  (AR 585.)  Plaintiff can
25 frequently reach, handle, finger, push, and pull, and continuously feel.  (AR 586.)  Plaintiff can
26 occasionally operate foot controls.  (AR 586.)  Dr. Kirby found that Plaintiff can never climb
27 stairs and ramps, climb ladders or scaffolds, and crouch, but can occasionally balance, stoop,
28 kneel, and crawl.  (AR 587.)  Dr. Kirby found that Plaintiff can never be exposed to unprotected

heights, moving mechanical parts, and operating a motor vehicle. (AR 588.) Plaintiff can occasionally be exposed to extreme cold, extreme heat, and vibrations, and frequently be exposed to humidity and wetness, and dust, odors, fumes, and pulmonary irritants. (AR 588.) Plaintiff can be exposed to loud noise. (AR 588.) Dr. Kirby found that Plaintiff cannot walk a block at a reasonable pace on rough or uneven surfaces. (AR 589.)

Therefore, it is arguable that Dr. Kirby assessed more restrictive limitations to Plaintiff during the unadjudicated period than he previously had. If the ALJ determined that the evidence from Dr. Kirby during the unadjudicated period did not support a finding of disability, the ALJ needed to articulate that in her decision.

In her September 6, 2013 decision, the ALJ stated:

> During the unadjudicated period, the claimant sought treatment from Dr. John Kirby, who has treated him conservatively with medications, primarily Hydrocodone. Dr. Kirby has repeatedly diagnosed mechanical back pain and symptom magnification (*see*, Exhibits 9F, 13F, 15F).
>
> Despite his treatment history, Dr. Kirby's medical source statement of February 24, 2011, does not include objective discussion supporting his opinion or explain the claimant's symptom magnification. (Exhibit 12F).
>
> . . .
>
> Mr. Madera's credibility is poor pursuant to SSR 96-7p. I find his subjective complaints are excessive and disproportionate to the objective findings. It is relevant in relation to his credibility that his own workers' compensation primary care physician, Dr. Kirby, diagnoses him with mechanical back pain and "symptom magnification" on virtually all of his "Primary Treating Physician's Progress Reports." Although Dr. Kirby prescribed a cane, this appears to be merely for Mr. Madera's convenience, since there was no physiologic reason for it. Furthermore, objective findings or abnormality are minimal. Mr. Madera has required no hospital or emergency care related to his back condition. There is no evidence of a herniated disc. There is no evidence of a sensory loss, muscle weakness, or muscular atrophy (*see*, Exhibits 1F, 4F, 13F, 15F).

(AR 27-28.)

Defendant argues that Dr. Kirby's conservative course of treatment of pain medication adequately controlled Plaintiff's pain. However, this reason is not specifically articulated by the ALJ for rejecting Dr. Kirby's opinion. The ALJ only mentions that Dr. Kirby has treated Plaintiff conservatively with medications. Although the Court may draw reasonable inferences from the ALJ's opinion, Magallanes v. Bowen, 881 F.2d 747, 775 (9th Cir. 1989), it cannot

1  consider Defendant's post hac rationalizations. "A reviewing court can evaluate an agency's
2  decision only on the grounds articulated by the agency." Ceguerra v. Sec'y of Health & Human
3  Servs., 933 F.2d 735, 738 (9th Cir. 1991).

4  Second, Defendant argues that Dr. Kirby did not offer any explanation for the disabling
5  limitations that he assessed. Defendant asserts that Dr. Kirby used a pre-printed, checkbox, fill-
6  in-the-blank physical assessment form. The ALJ need not accept the opinion of any physician
7  that is brief, conclusory, and unsupported by clinical findings. Thomas, 278 F.3d at 957.
8  However, Plaintiff argues that the ALJ did not reference the handwritten note that Dr. Kirby
9  wrote on May 26, 2011, which provided an explanation for Dr. Kirby's February 24, 2011
10 medical source statement.

11 The ALJ does not need to discuss all evidence presented, but "must explain why
12 significant probative evidence has been rejected." Vincent on Behalf of Vincent v. Heckler, 739
13 F.2d 1393 (9th Cir. 1984) (quoting Cotter v. Harris, 642 F.2d 700, 706 (3d Cir. 1981) (internal
14 quotations omitted.)  Dr. Kirby's handwritten note from May 26, 2011, is significant probative
15 evidence, and therefore, the ALJ was required to address it in her decision. The May 26, 2011
16 handwritten note is relevant to whether Dr. Kirby provided any objective discussion supporting
17 his February 24, 2011 opinion. While the May 26, 2011 handwritten note may not provide
18 objective support for the February 24, 2011 opinion, the ALJ did not articulate that in her
19 decision. Therefore, the Court finds that the ALJ's rejection of Dr. Kirby's February 24, 2011
20 medical source statement because it does not include objective discussion supporting his opinion
21 or explain Plaintiff's symptom magnification is not a specific and legitimate reason supported by
22 substantial evidence in the record for rejecting Dr. Kirby's opinion.

23 While Defendant argues that Dr. Kirby's treatment notes raised questions as to bases for
24 his assessed limitations, the ALJ did not articulate this as a reason for rejecting Dr. Kirby's
25 opinion. As previously stated, the Court cannot consider Defendant's post hac rationalizations.
26 Magallanes, 881 F.2d at 775.

27 Accordingly, the Court finds that the ALJ did not provide specific and legitimate reasons
28 that are supported by substantial evidence in the record for rejecting Dr. Kirby's opinion when

determining whether Plaintiff has a changed circumstance to rebut the presumption of continuing non-disability or Plaintiff's residual functional capacity.

### C. This Action is Remanded for Further Proceedings

Plaintiff seeks remand for benefits or alternately seeks a remand for further development of the record.  Defendant argues that if the Court finds that the ALJ erred, the matter should be remanded for further development of the record.

The Court has the discretion to remand a case for either an award of benefits or for additional evidence.  Smolen, 80 F.3d at 1292.  The remand should be for "an award of benefits where (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited."  Id.  District courts have flexibility in applying the credit as true rule.  Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003).

Further, "[a] claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be."  Strauss v. Comm'r of the Soc. Sec. Admin., 635 F.3d 1135, 1138 (9th Cir. 2011).  The Ninth Circuit has recently clarified that "we may remand on an open record for further proceedings 'when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.' "  Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir. 2014) (quoting Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014)).

Here, the record as a whole casts doubt on whether Plaintiff is disabled.  During the consultative examination, Dr. Rios found that Plaintiff's back had no palpable spasms, Plaintiff had normal muscle bulk and tone, 5/5 motor strength in the upper and lower extremities, and had normal deep tendon reflexes.  (AR 497-98.)  Dr. Rios found that Plaintiff could sit, stand, and/or walk up to 6 hours each in an 8-hour workday.  (AR 498.)  Dr. Rios also found that Plaintiff would have difficulty with lifting over 50 pounds on an occasional basis and 25 pounds on a frequent basis.  (AR 498.)

The Court finds that this action should be remanded for the ALJ to reevaluate the

evidence during the unadjudicated period pursuant to Chavez, 844 F.2d 691, and specifically Dr. Kirby's May 26, 2011 handwritten note.

## V.
## ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's appeal from the decision of the Commissioner of Social Security is GRANTED. This action is remanded for further proceedings consistent with this order. The Clerk of the Court is directed to CLOSE this action.

IT IS SO ORDERED.

Dated:  **July 22, 2016**

UNITED STATES MAGISTRATE JUDGE