# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISMAEL HUIZAR MADERA,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No. 1:15-cv-00542-SAB<br><br>ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(ECF Nos. 29, 31, 32) |

       Petitioner Monica Perales ("Counsel"), attorney for Ismael Huizar Madera ("Plaintiff"), filed the instant motion for attorney fees on August 5, 2019. Counsel requests fees in the amount of $10,582.00[1] pursuant to 42 U.S.C. § 406(b)(1).[2] Plaintiff has not objected to the request. On August 14, 2019, Defendant Social Security Commissioner, as a *de facto* trustee for Plaintiff, filed a response to Petitioner's motion providing an analysis of the fee request.[3] On August 15,

---

[1] Petitioner's motion states that the amount sought is based on the amount of attorney fees withheld by the Commission for attorney fees. However, Petitioner's motion states the amount withheld for attorney fees was $10,582.00 while the amount withheld was actually $10,528.25. (ECF No. 29-2 at 2.) The Court bases its decision on the amount stated in the June 19, 2018 letter.

All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

[2] The parties have consented to the jurisdiction of the United States Magistrate Judge. (See ECF Nos. 8, 10.)

[3] The Social Security Administration states it has no objection to the fee request. The Court notes that the nonparty

1

2019, Petition filed a supplemental exhibit to the motion for attorney fees.

# I.

# BACKGROUND

Plaintiff filed the instant complaint challenging the denial of social security benefits on April 8, 2015. (ECF No. 1.) On July 25, 2016, the magistrate judge's order issued finding that the ALJ erred by not providing specific and legitimate reasons to reject the opinion of Plaintiff's treating provider. (ECF No. 25.) The Court entered judgment in Plaintiff's favor and the action was remanded on July 25, 2016. (ECF No. 26.)

On remand, the ALJ found that Plaintiff was disabled as of February 24, 2011, and past benefits were awarded in the amount of $42,113.00.[4] (ECF No. 29-1 at 7; ECF No. 29-2.) The Commissioner withheld $10,528.25 from the past-due benefit for attorney fees. (ECF No. 29-2 at 2.) This amount equals 25 percent of the retroactive benefit award. (Id.) Petitioner has previously received payment of $4,940.00 in EAJA fees. (ECF No. 28.) In the instant motion, Petitioner seeks an additional $5,588.25 for a gross award of $10,528.25 for work performed in this action.

# II.

# LEGAL STANDARD

In relevant part, 42 U.S.C. § 406(b)(1)(A) provides that when a federal court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may allow reasonable attorney fees "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." The payment of such award comes directly from the claimant's benefits. 42 U.S.C. § 406(b)(1)(A).

---

analysis incorrectly states that Plaintiff is seeking $18,000.00.

[4] The award letter does not state the amount of back benefits awarded, but does state that twenty five percent, or $10,528.25, was withheld from the past due benefits. (ECF No. 29-2 at 2.) This would make the total award $42,113.00 (4 x $10,528.25). Petitioner states that the total award was $42,328.00, however this is based on an incorrectly stated amount in Petitioner's motion. Petitioner alternately states that Social Security calculates the past due benefits at $66,328.00, however there is no evidence in the record that Social Security calculated the benefits at this amount.

2

The Supreme Court has explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that the contingency fee agreements between the claimant and the attorney will "yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). The district court must respect "the primacy of lawful attorney-client fee agreements," and is to look first at the contingent-fee agreement, and then test it for reasonableness." Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009). The twenty-five percent maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. Gisbrecht, 535 U.S. at 808–09 ("§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements"). Agreements seeking fees in excess of twenty-five percent of the past-due benefits awarded are not enforceable. Crawford, 586 F.3d at 1148. The attorney has the burden of demonstrating that the fees requested are reasonable. Gisbrecht, 535 U.S. at 808; Crawford, 586 F.3d at 1148.

In determining the reasonableness of an award, the district court should consider the character of the representation and the results achieved. Gisbrecht, 535 U.S. at 800. Ultimately, an award of section 406(b) fees is offset by an award of attorney fees granted under the EAJA. Gisbrecht, 535 U.S. at 796.

The Ninth Circuit has identified several factors that a district court can examine under Gisbrecht in determining whether the fee was reasonable. In determining whether counsel met her burden to demonstrate that the requested fees are reasonable, the court may consider (1) the standard of performance of the attorney in representing the claimant; (2) whether the attorney exhibited dilatory conduct or caused excessive delay which resulted in an undue accumulation of past-due benefits; and (3) whether the requested fees are excessively large in relation to the benefits achieved when taking into consideration the risk assumed in these cases. Crawford, 586 F.3d at 1151.

/ / /

/ / /

/ / /

## III.

## DISCUSSION

The Court has conducted an independent check to insure the reasonableness of the requested fees in relation to this action. Gisbrecht, 535 U.S. at 807. Here, the fee agreement between Plaintiff and Petitioner provides the fee "for successful prosecution of this matter is 25% of the backpay awarded upon reversal of any unfavorable ALJ decision for work before the [Social Security Administration or court]." (Social Security Representation Agreement, ECF No. 32-1.) As discussed above, Plaintiff has been awarded benefits beginning in August 2011 in the amount of $42,113.00. (June 19, 2018 letter, ECF No. 29-2.) In determining the reasonableness of the fees requested, the Court is to apply the test mandated by Gisbrecht.

There is no indication that a reduction of fees is warranted for substandard performance. Counsel is an experienced, competent attorney who secured a successful result for Plaintiff. Although this action does involve six years of backpay, there is no indication that Counsel was responsible for any substantial delay in the court proceedings. Plaintiff agreed to a 25 percent fee at the outset of the representation and Petitioner is seeking twenty-five percent of the payment which would be $10,528.25 The $10,528.25 fee is not excessively large in relation to the past-due award of $42,113.00. In making this determination, the Court recognizes the contingent nature of this case and the risk that counsel took of going uncompensated. Hearn v. Barnhart, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).

In support of the motion, Petitioner does not state her or her paralegal's normal hourly rates, but she does submit a log of the time spent in prosecuting this action. (Time Log, ECF No. 29-3.) The log demonstrates that 3.3 paralegal hours were expended in this action and Petitioner spent 25.2 hours on this action. (Id.) Therefore, Petitioner is seeking $10,528.25 for 28.5 hours of paralegal and attorney time. When considering the total amount requested by Petitioner, the fee request translates to $369.41 per hour for Petitioner's services in this action. In Crawford the appellate court found that a fee of $875 and $902 per hour, for time of both attorneys and paralegals, was not excessive. Crawford, 486 F.3d at 1152 (dissenting opinion).

///

4

Further, since Gisbrecht, courts note that reducing a fee request is dicey business and find fee awarding an effective hourly rate much higher than this to be reasonable. Williams v. Berryhill, No. EDCV 15-919-KK, 2018 WL 6333695, at *2 (C.D. Cal. Nov. 13, 2018) (awarding fee request that provides an effective hourly rate of $1,553.36 per hour); Coles v. Berryhill, No. EDCV 14-1488-KK, 2018 WL 3104502, at *3 (C.D. Cal. June 21, 2018) (effective hourly rate of $1,431.94 reasonable under the circumstances); Palos v. Colvin, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (fees sought translate to $1,546.39 per hour for attorney and paralegal services); see also Villa v. Astrue, No. CIVS-06-0846 GGH, 2010 WL 118454, at *1, n.1 (E.D. Cal. Jan. 7, 2010) ("In practice, the more efficient counsel is in court, the higher will be the hourly fee amount represented in a § 406 fee award.")

The Court finds that the requested fees are reasonable when compared to the amount of work Petitioner performed in representing Plaintiff in court. Petitioner's representation of the claimant resulted in the action being remanded for further proceedings and ultimately benefits were awarded. Counsel also submitted a detailed billing statement which supports her request. (ECF No. 29-3.)

The award of Section 406(b) fees is offset by any prior award of attorney fees granted under the EAJA. 28 U.S.C. § 2412; Gisbrecht, 535 U.S. at 796. In this instance, Petitioner has previously been awarded $4,940.00 in EAJA fees and the award of fees under Section 406(b) must be offset in that amount.

## VI.

## CONCLUSION AND ORDER

For the reasons stated above, the Court finds that the fees sought by Petitioner pursuant to Section 406(b) are reasonable. Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for an award of attorney fees pursuant to Section 406(b) in the amount of $10,528.25 is GRANTED;
2. Pursuant to counsel's request, this amount shall be paid directly to the Law Offices of Lawrence D. Rohlfing. The Commissioner is to remit to Plaintiff the any remainder of his withheld benefits; and

3. Petitioner is ordered to refund $4,490.00 of the Section 406(b) fees awarded to Plaintiff as an offset for EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).

IT IS SO ORDERED.

Dated: **August 21, 2019**

_____
UNITED STATES MAGISTRATE JUDGE